FILED

IN THE UNITED STAES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN SCHULTZ,

    Plaintiff,

CASE NO. 6:17-CV-815-ORL-37-KRS

v.

TARTINI AT ROCK SPRINGS RIDGE,
LLC, d/b/a TAVERNA ITALIANO, and
THOMAS R. MULLER,

    Defendants
_____/

## COMPLAINT

Plaintiff, JONATHAN SCHULTZ ("Schultz" or "Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendants TARTINI AT ROCK SPRINGS RIDGE, LLC, d/b/a TAVERNA ITALIANO ("Tartini") and THOMAS R. MULLER ("Muller") and in support thereof alleges the following:

### PARTIES

1.    Plaintiff Jonathan Schultz is a citizen of Florida and resident of Orange County, Florida at all times relevant to this suit.

2.    Defendant Tartini is a Florida limited liability company with its principal place of business in Orange County, Florida at all times relevant to this suit.

3.    Defendant Muller is a citizen of Florida and, upon information and belief, was and is a resident of Orange County, Florida at all times relevant to this suit.

### JURISDICTION

4.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

5. The Court has jurisdiction over the FLSA claims of Plaintiff pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because all acts or omissions giving rise to this dispute took place in the Middle District of Florida.

## GENERAL ALLEGATIONS

7. Tartini was, at all times relevant to this suit, and currently is the owner of Taverna Italiano.

8. Taverna Italiano is an Italian restaurant located at 625 Rock Ridge Boulevard, Apopka, Florida 32712.

9. Tartini was and is an employer pursuant to 29 U.S.C. § 203(d) at all times relevant to this suit and has employees subject to the provisions of the FLSA.

10. Tartini is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203.

11. Defendant Muller is the owner and/or managing member of Tartini.

12. Defendant Muller personally hired Plaintiff to work at Taverna Italiano and personally, routinely directed Plaintiff's job tasks and assignments in his employment with Tartini at Taverna Italiano.

13. At all times relevant to this suit, Defendant Muller personally acted and acts directly in the interest of Defendant Tartini in relation to its employees working at Taverna Italiano.

14. Thus, Muller was and is an employer within the meaning of 29 U.S.C. § 203(d) at all times relevant to this suit.

15. Muller was and is an employer engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203.

16. Plaintiff was a server (waiter) at Taverna Italiano at all time relevant to this suit and was paid an hourly wage of $15 per hour along with cash tips.

17. Beginning on or about 1 January 2016 to 8 February 2017, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e) for all times relevant to this suit.

18. Between 22 August 2016 to the date of the filing of this Complaint, Plaintiff worked numerous weeks for Defendants at Taverna Italiano in excess of forty (40) hours a week.

19. Prior to 22 August 2016, Defendants paid Plaintiff the overtime wages that he was owed in accordance with 29 U.S.C § 207 of the FLSA for the weeks that he worked in excess of forty (40) hours per week.

20. However, during the timeframe between 22 August 2016 and 8 February 2017, Defendants did not pay Plaintiff the overtime wages that he was owed.

21. On several occasions between 22 August 2016 and 8 February 2017, Plaintiff informed Defendants that they had failed to pay him overtime wages as required by 29 U.S.C § 207 of the FLSA.

22. Plaintiff's assertion to Defendants of his statutory right to overtime pay constituted activity protected under the provisions of the FLSA.

23. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Schultz gives his consent to this cause of action as evidence by the consent attached as Exhibit A.

**COUNT I – VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

24. Schultz re-alleges and incorporates herein the allegations contained in paragraphs 1 – 23.

25. Despite the fact that Plaintiff worked for Defendants at Taverna Italiano numerous weeks in excess of forty (40) hours a week between 1 August 2016 and the date of the filing of this Complaint, Defendants repeatedly and willfully failed to pay Schultz overtime wages in an amount of no less than one and one-half times Plaintiff's regular rate as required by 29 U.S.C § 207 of the FLSA for those weeks.

26. As a result of Defendants failure to pay Schultz overtime wages in accordance with 29 U.S.C. § 207 of the FLSA, Defendants owe Schultz unpaid overtime wages.

27. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Defendants owe Schultz, as additional liquidated damages, an amount equal to the difference between the amount he was paid and the amount he is due under the FLSA.

28. Plaintiff has retained Gobel Flakes, LLC to represent him in this matter and has agreed to pay the law firm a reasonable attorneys' fee for its services.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for unpaid overtime wages, interest, liquidated damages in an additional equal amount to the unpaid overtime wages owed to Plaintiff, reasonable attorneys' fees, along with court costs, witness fees, and other miscellaneous costs of the litigation, and any other relief that this court finds to be reasonable under the circumstances.

## COUNT II – RETALIATION BY TERMINATION

29. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

30. On or about 27 January 2017, Schultz informed Defendants that he was resigning from his employment at Taverna Italiano effective 11 February 2017.

31. On or about 7 February 2017, Schultz once again demanded his unpaid overtime wages from Defendants for the weeks he worked more than forty (40) hours per week in accordance with 29 U.S.C. § 207 of the FLSA.

32. Nevertheless, Defendants did not pay Schultz the overtime wages that he demanded and was owed under the FLSA.

33. At that time, Schultz was scheduled to work at Taverna Italiano on 8, 9, 10, and 11 February 2017.

34. On or about 8 February 2017, prior to the beginning of Plaintiff's shift at Taverna Italiano, he was terminated by Defendants and told not to return to work.

35. Defendants were motivated by Plaintiffs' repeated complaints alleging violations of the FLSA when Defendants made the decision to terminate on 8 February 2017 Plaintiff rather than allowing him to complete his shifts on 8, 9, 10, and 11 February 2017.

36. Defendants actions constitute retaliation within the meaning of 29 U.S.C. § 215(a)(3) and caused Plaintiff damages.

WHEREORE, Plaintiff demands a judgment against Defendants, jointly and severally for such legal and/or equitable relief that will effectuate the purpose of the FLSA including but not limited to back pay, interest, front pay, liquidated damages, reasonable attorneys' fees, court costs, witness fees, pecuniary and non-pecuniary compensatory damages, and other miscellaneous costs of the litigation, and any other relief that this Court finds will be reasonable under the circumstances.

## COUNT III – RETALIATION BY CONSTRUCTIVE DISCHARGE

37. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

38. Due to Defendants repeated failure to pay Schultz overtime wages for the weeks he worked more than forty (40) hours per week in accordance with 29 U.S.C. § 207 of the FLSA, Defendants deliberately created employment conditions that were objectively intolerable to a reasonable person.

39. When Schultz inquired as to why he was not consistently paid the overtime wages that he was owed pursuant to 29 U.S.C. § 207 of the FLSA, Defendants informed Schultz that they could not afford to pay him his overtime wages.

40. However, Schultz was aware of the fact that other employees of Defendants who were working at Taverna Italiano, to include employees making an hourly wage similar to Schultz, were, in fact, being paid overtime wages in accordance with 29 U.S.C. § 207 of the FLSA during the period of time in which Schultz was not paid the overtime wages he was owed.

41. Additionally, from approximately November 2016 to the end of December 2016, Defendants hired a woman to manage Taverna Italiano.

42. The female manager was hired in to a new position at Taverna Italiano, as there had not previously been an individual titled "manager" during Plaintiff's time working at Taverna Italiano.

43. The female manager was placed on salary by Defendants with a salary of approximately $1,000 per week ($55,000.00 per year).

44. Defendants hired this female manager during the period of time that Defendants were informing Plaintiff that they did not have sufficient funds to pay Plaintiff the overtime he was owed under the FLSA.

45. Thus, Schultz was aware that Defendants were untruthful with him regarding the reasons why they were not paying his overtime wages in accordance with 29 U.S.C. § 207 of the FLSA.

46. The denial of overtime pay to which Plaintiff was statutorily entitled along with the working conditions under which Plaintiff labored, such as the repeated false excuses for failing to pay Plaintiff as required by law while others were being paid as required, were objectively intolerable such that a reasonable person standing in Plaintiff's shoes would have felt compelled to resign.

47. Defendants intended to cause Schultz to quit his job at Taverna Italiano by not paying him his overtime wages owed in accordance with 29 U.S.C. § 207 of the FLSA.

48. Even if Defendants did not intend Plaintiff to resign, Schultz quitting his job at Taverna Italiano was a reasonably foreseeable consequence of Defendants actions of not paying Plaintiff his owed overtime wages for a period of approximately six months in accordance with 29 U.S.C. § 207 of the FLSA.

49. The circumstances under which Plaintiff left his employment with Defendants constituted constructive discharge by the Defendants because of his assertion of his statutory right to overtime pay.

50. Defendants were motivated by Plaintiffs' repeated complaints alleging violations of the FLSA when Defendants took the actions that led to Plaintiff's constructive discharge.

51. Defendants actions constitute retaliation within the meaning of 29 U.S.C. § 215(a)(3) and caused Plaintiff damages.

WHEREORE, Plaintiff demands a judgment against Defendants, jointly and severally for such legal and/or equitable relief that will effectuate the purpose of the FLSA including but not

limited to back pay, interest, front pay, liquidated damages, reasonable attorneys' fees, court costs, witness fees, pecuniary and non-pecuniary compensatory damages, and other miscellaneous costs of the litigation, and any other relief that this Court finds will be reasonable under the circumstances.

**JURY TRIAL DEMANDED**

Jonathan Schultz respectfully demands trial by jury regarding all issues so triable.

Dated: May 5th, 2017

Respectfully submitted,

_____
DALE T. GOBEL
Florida Bar No.: 980439
MIGUEL R. ACOSTA
Florida Bar No.: 043130
Gobel Flakes, LLC
189 South Orange Avenue, Suite 1430
Orlando, FL 32801
E-mail: dgobel@gobelflakes.com
        macosta@gobelflakes.com
        sbrooks@gobelflakes.com
Telephone: (407) 455-5165
Facsimile: (407) 455-5166
Attorneys for Plaintiff